•Sutlife, J.
It is conceded by counsel for the defendant, that since the cases of Hockspringer v. Ballenberg, 16 Ohio *338 Rep. 304, and of Harrison et al. v. King et al., 9 Ohio St. Rep. 388, a cause of attachment may be sufficiently stated in the language of the statute.
If the affidavit had been concluded without the particular statement of facts, it is admitted it would have been sufficient. But it is said, that while the general statement, expressed in the first part of the affidavit, that Daniel Yeigh had fraudulently conveyed to his son, John, the 110 acres of land “ with the intent to defraud his creditors,” might, of itself, be sufficient, this part of the affidavit is so qualified by what follows as to render the affidavit, taken together, insufficient. If the assertion be true, that the required statement that the defendant had conveyed or disposed of his property “ with the intent to defraud his creditors,” is so qualified as to render the statement substantially impaired by other statements contained in the affidavit, it may well be claimed that the affidavit, taken all together, is insufficient; for it is but reasonable, and such is the rule of construction, that an instrument be construed with reference- to all its parts, and that effect be given to all the statements of the instrument, for determining its true meaning.
It, therefore, becomes, simply, a question whether the concluding part of the affidavit, by a reasonable construction has so qualified the general preceding statement, that taken altogether the affidavit does not amount to an averment that the defendant has disposed of his property, or a part thereof, with intent to defraud his creditors.
Let us, then, recur to what is said to be the qualifying clause of this affidavit. The, affiant, after the positive averment that “Daniel Yeigh fraudulently conveyed to his son, John Yeigh, 110 acres of land, * * * with intent to defraud his creditors,” states “ that the facts within the knowledge of this affiant, by information from others, and which he believes to be true, upon which the above allegation that said deed is fraudulant, is founded, are in substance as follows:” The affiant then narrates this state of facts: that some eight years previous thereto, the said Daniel had become liable, as surety or otherwise, to one Daniel Lewis, and to avoid *339 saici liability, executed and acknowledged a deed of conveyance of said lands to his son, John Yeigh, for the purpose of placing the lands out of the reach of the creditors; and that after so making said deed, said claims were arranged, and the deed not delivered, or, if delivered, was not recorded, the project being abandoned, and the said Daniel, continuing the owner, and in the possession and enjoyment of the property; and the said John making no payment therefor; but that after said Daniel had become liable upon the said notes of $15,000, and the same had fallen due, to-wit, on the 26th day of February, 1857, without any consideration paid by said John, or received by said Daniel, therefor, said deed was placed on record, and effect is sought to- be given to said faudulent deed, so fraudulently pretended to be gotten up and executed as stated in 1849, “ for the purpose of defrauding the plaintiff, as the holder” (of said claim), “by placing said property out of his reach.”
The substance of the affidavit, taken together, is, a positive statement that the defendant has disposed of part of his property to defraud his creditors, with an additional or supplementary statement of the principal facts, “in substance/' which have induced the belief, on the part of the affiant, of the truth of the averment so made in his affidavit. 'And these facts are briefly, that eight years before that time, the said Daniel, finding himself under a similar liability, without any consideration, but • fraudulently to avoid his liability, made out a pretended deed of conveyance of said lands to his son, John, for such fraudulent purpose; but that having arranged with his creditors, and become extricated from said liability, the pretended fraudulent conveyance was never consummated by and between said Daniel to John; and the deed was not used and recorded or supposed to have any effect; but that on the 26th day of February, 1857, before the commencement of this action against said Daniel, upon his said liability of $15,000 and upward, “for the purpose of defrauding the plaintiff,” said deed, so fraudulently gotten up eight years before, and then abandoned by the parties, is recorded, and *340 sought to be made effective, “ for placing said property out of the reach” of said liability.
Now, it must be conceded, that this statement of the particular facts is, of itself, defective, and would be insufficient, of itself, to sustain the order of attachment; but it is also to be remembered that the general statement, without this statement of particulars, is of itself sufficient. The inquiry, therefore, is narrowed down to this — is the general statement of the existence of the cause of attachment, vitiated by the explanation afforded by the particulars thus stated? And we are of the opinion that it is not. In the first place, the affiant only professes to set forth the facts “ in substance,” which have induced his belief as to the fraudulent character of the conveyance. And, then, there is nothing in the facts, so stated “ in substance,” by the affiant, inconsistent with, or exclusive of, other facts, in the particular statement which would cure all defects, and make the particular statement perfect and sufficient. For, although the affiant does not expressly negative the conclusion that the deed, so executed in 1849, was delivered, and had been ever after held by the son, and these facts,' known by the plaintiff, the statement may reasonably be understood as consistent with an opposite state of facts.
We think, therefore, inasmuch as the particular statement of facts does not purport to be a statement .of all the facts upon which the belief of the affiant is founded, and not being inconsistent with the additional facts to be reasonably implied, the particular statement ought not to qualify and impair the preceding sufficient statement contained in the affidavit.
We are of the opinion, therefore, that the court of common pleas should have held the affidavit, in the absence of any counter proof, sufficient, and have overruled the motion to discharge the attachment for the cause stated in the motion.
The judgment of this court, therefore, is, that the district court erred in affirming the order and judgment of the court of common pleas. The judgment of affirmance must, therefore, be reversed, as must also the order and judgment of the *341 common pleas; and the case will be certified to the court of common pleas for further proceedings.
Scott, C.J., and Peck, Gholson and Brinkerhoee, J J., concurred.